S90A0553. CONGDON v. THE STATE.
(405 SE2d 677)

WELTNER, Justice.

The United States Supreme Court has remanded *Congdon v. State*, 260 Ga. 173 (391 SE2d 402) (1990) for further consideration in light of *Powers v. Ohio*, 499 U. S. ____ (111 SC 1364, 113 LE2d 411) (1991).

1. In *Congdon*, supra, we held that the trial court did not err in overruling the white defendant's objection to the state's use of peremptory challenges to remove four black veniremen as a violation of *Batson* (equal protection grounds) because *Batson* required that the defendant be of the same race as the excluded venire members.

2. In *Powers v. Ohio*, supra, the United States Supreme Court held:

> Invoking the Equal Protection Clause and federal statutory law, and relying upon well-established principles of standing, we hold that a criminal defendant may object to race-based exclusions of jurors effected through peremptory challenges whether or not the defendant and the excluded juror share the same race. . . .

> [T]he Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race, a practice that forecloses a significant opportunity to participate in civic life. [113 LE2d at 419, 424.]

3. In *Congdon*, the record contains no transcription of the voir dire. After the jury was selected, the defense moved to disqualify it, stating:

As the court is aware, I don't believe the actual voir dire was taken down, but according to my observations during the jury selection process, there were four blacks in the panel of forty-two which was put upon Mr. Congdon. . . . Each of these individuals was questioned on voir dire, and to my recollection, none of them made any responses to the questions that [the prosecution] asked or in any way indicated any bias or predilection to either side in this case. Nevertheless, on apparently discriminatory grounds, [the prosecutor] has struck each and every one of the black jurors on this case.

4. The state asserted that it could provide explanations for its strikes, but did not do so at the time of the trial.[1] The case is remanded to provide an opportunity for the state to establish, if it can, that its strikes of veniremen were racially neutral.

*Case remanded. All the Justices concur.*

DECIDED JULY 3, 1991.

*Gleason, Davis & Dunn, John W. Davis, Jr., David J. Dunn, Jr.,* for appellant.

*Ralph Van Pelt, Jr., District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.

---

[1] The transcript provides the following colloquy:
The Court: I'm going to make a finding as a matter of law that Mr. Congdon is not entitled to raise this issue. Is the District Attorney in a position to give me reasons in the event that, you know, between now and whenever this case may or may not be appealed, a rule that does apply? If you don't want to, I'm not going to make you, but it might save some trouble on down the line.
[Prosecutor]: Judge, not right now.